# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 24-1636V
Filed: September 30, 2025

```
* * * * * * * * * * * * * *
MARTA PIKE,                      *
                                 *
              Petitioner,        *
v.                               *
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
              Respondent.        *
* * * * * * * * * * * * * *
```

*Alison Haskins, Esq.*, Siri & Glimstad LLP, Aventura, FL, for petitioner.
*Mary E. Holmes, Esq.*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On October 11, 2024, Marta Pike ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she developed peripheral neuropathy/small fiber neuropathy caused by the influenza ("flu") vaccination she received on October 27, 2021. *See* Petition, ECF No. 1.

On January 3, 2025, petitioner filed the instant Motion for Interim Attorney's Fees and Costs requesting a total of $22,092.99, representing $20,684.00 in attorneys' fees and $1,408.99 in costs. Motion, ECF No. 12. Respondent filed his response on January 16, 2025, objecting to an award of interim fees. Response, ECF No. 14. Petitioner filed a reply on January 21, 2025. Reply, ECF No. 15.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

After careful consideration, petitioner's Motion for Interim Attorneys' Fees is **GRANTED** for the reasons set forth below.

## I.     Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

"Good faith" is a subjective standard. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as petitioner had an honest belief that her claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

Reasonable basis, however, is an objective inquiry, irrespective of counsel's conduct or a looming statute of limitations, that evaluates the sufficiency of records available at the time a claim is filed. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017); *see Turpin v. Sec'y of Health & Human Servs.*, No. 99-564, 2005 WL 1026714 at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005). When determining if a reasonable basis exists, special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018). The Federal Circuit concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons*, 875 F.3d at 636; *Amankwaa*, 138 Fed. Cl. at 289.

Reasonable basis is satisfied when there is a mere scintilla of objective evidence, such as medical records or medical opinions, supporting a feasible claim before filing. *See Cottingham ex. rel. K.C. v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020); *see Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)); *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012). The Fourth Circuit characterized "more than a mere scintilla of evidence" as "evidence beyond speculation that provides a sufficient basis for a reasonable inference of causation." *Cottingham v. Sec'y of Health & Human Servs.*, 154 Fed. Cl. 790, 795 (2021) (quoting *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 765 (4th Cir. 2021)).

In discussing the reasonable basis requirement in *Cottingham*, the Federal Circuit stressed the prima facie petition requirements of § 11(c)(1) of the Act. Specifically, the petition must be accompanied by an affidavit and supporting documentation showing that the vaccinee:

(1) received a vaccine listed on the Vaccine Injury Table;
(2) received the vaccination in the United States, or under certain stated circumstances outside of the United States;
(3) sustained (or had significantly aggravated) an injury set forth in the Vaccine Injury Table (42 C.F.R. § 100.3(e)) or that was caused by the vaccine;
(4) experienced the residual effects of the injury for more than six months, died, or required an in-patient hospitalization with surgical intervention; and
(5) has not previously collected an award or settlement of a civil action for damages for the same injury.

*Cottingham*, 971 F.3d at 1345-46.

Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." § 300aa-13(a)(1). However, absence of an express medical opinion of causation is not necessarily dispositive of whether a claim has a reasonable basis. Medical records may support causation even where the records provide only circumstantial evidence of causation. *James-Cornelius*, 984 F.3d at 1379-80. While absent or incomplete records do not strictly prohibit a finding of reasonable basis, an overwhelming lack of objective evidence will not support reasonable basis. *Chuisano*, 116 Fed. Cl. at 288; *see Simmons*, 875 F.3d at 634-36 (holding that reasonable basis was not satisfied where 1) petitioner's medical record lacked proof of vaccination and diagnosis and 2) petitioner disappeared for two years before filing a claim). The objective evidence in the record must also not be so contrary that a feasible claim is not possible. *Cottingham*, 154 Fed. Cl. at 795, citing *Randall v. Sec'y of Health & Human Servs.,* No. 18-448V, 2020 WL 7491210, at *12 (Fed. Cl. Spec. Mstr. Nov. 24, 2020) (finding no reasonable basis when petitioner alleged a SIRVA injury in his left arm though the medical records indicated that the vaccine was administered in petitioner's right arm). A claim may lose reasonable basis as it progresses if further evidence is unsupportive of petitioner's claim. *See R.K. v. Sec'y of Health & Human Servs.,* 760 F. App'x 1010, 1012 (Fed. Cir. 2019) (citing *Perreira v. Sec'y of Health & Human Servs.,* 33 F.3d 1375, 1376–77 (Fed. Cir. 1994)).

When good faith and reasonable basis are established, the Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

Special masters also have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

## II.    Discussion

Respondent submitted that he is not yet satisfied that petitioner has established a reasonable basis for her claim. Response at 17. He noted that petitioner has significant pre-existing health issues and "no clear diagnosis for her constellation of symptoms". He also argued that her medical providers "did not endorse" the connection between petitioner's symptoms and the vaccination she received. He submitted that there is a potential alternative cause for at least some of her symptoms. Finally, he questioned whether the onset of symptoms (within a day after vaccination) was medically appropriate to implicate the vaccine. *Id*.

This decision reaches no conclusion about the merits of petitioner's claim as it relates to causation, only that she has provided sufficient objective evidence to satisfy reasonable basis[3] as outlined in *Cottingham*. 971 F.3d at 1345-46; *see* Pet. Ex. 2 at 1; Pet. Ex. 13 at 9; Pet. Ex. 17. The records show that petitioner had an abrupt onset of symptoms one day after she received the subject flu vaccine and was hospitalized. Her symptoms included progressive myalgias particularly in the upper extremities and trachea, bilateral leg pain, chest pain, abdominal pain, and headache. Pet. Ex. 2 at 1; Pet. Ex. 16 at 10-13, 35, 42, 62.

According to her affidavit and her medical records, petitioner continued to have symptoms and presented for regular treatment/care for the following several months. Throughout her treatment, she consistently reported that her symptoms began the day after receiving the flu vaccine. Pet. Ex. 1; Pet. Ex. 4 at 53-56, 99; Pet. Ex. 5 at 6-7; Pet. Ex. 6 at 7; Pet. Ex. 16 at 47-508; Pet. Ex. 17 at 99-101, 106, 158, 240, 257, 344-47. On December 14, 2021, petitioner underwent NCV/EMG testing, which was abnormal and showed demyelinating polyneuropathy and delayed right median motor distal latency. Pet. Ex. 4 at 29, 35-39. Later, on May 27, 2022, a skin biopsy of both legs was performed and was consistent with small fiber neuropathy. Pet. Ex. 17 at 265-66, 308-12, 451; Pet. Ex. 10 at 3-6. A repeat NCV/EMG was abnormal and was "highly suggestive of CIDP versus idiopathic generalized progressive polyneuroradiculopathy of Guillain-Barre type." Pet. Ex. 6 at 17-19. She then began treatment with IVIG for chronic inflammatory demyelinating polyneuropathy ("CIDP"), which she continued to receive through at least 2024. Pet. Ex. 6 at 21;

---

[3] Good faith was not raised by respondent. Thus, petitioner is afforded the presumption of good faith in the filing of her petition.

*see generally* Pet. Ex. 17. Her symptoms were attributed to several diagnoses/conditions over the course of treatment, including Lyme disease, CIDP, carpal tunnel, arthritis, chronic severe pain syndrome of unclear etiology, scoliosis, and protruding discs in the spine. Pet. Ex. 5 at 39; Pet. Ex. 6 at 7, 12, 18-19; Pet. Ex. 17 at 432, 475-76.

Based on the foregoing, petitioner has provided sufficient objective evidence to support a reasonable basis for the filing of the petition. Respondent's objections may be persuasive when challenging petitioner's claim of causation or in proving an alternative cause; however, the burden for an award of fees and costs is lower than that in proving entitlement. Thus, the fact that petitioner has not yet filed an expert report or medical literature to demonstrate causation does not preclude an award of fees. While some of petitioner's treaters expressed doubt that the flu vaccine was responsible for her symptoms, that does not render petitioner's claim of vaccine causation unfeasible. Additionally, although it is unclear from the records, what, if any, of petitioner's symptoms can be attributed to the vaccine, that is most often the case in vaccine cases and parties routinely retain experts to explain such matters.

Reasonable basis requires a mere scintilla of evidence to support petitioner's claim of causation. *See Cottingham*, 971 F.3d at 1346. That evidence can take many forms, including affidavits and medical records, which have been filed here and show that petitioner received a covered vaccine, developed symptoms one day later, and sought treatment for symptoms well beyond six months. *James-Cornelius*, 984 F.3d at 1379-80. While the aforementioned evidence is insufficient to demonstrate entitlement, the burden in proving reasonable basis is lower. Accordingly, I find that petitioner has established a reasonable basis for her claim.[4]

Additionally, under the circumstances of this case, an award of interim fees is warranted. *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"). In particular due to Mr. Downing's withdrawal from this case and as an attorney in the Program, I find that interim fees at this juncture are appropriate. *See Weiss on behalf of A.W. v. Sec'y of Health & Human Servs.*, No. 24-546V, 2025 WL 2304491, at *2 (Fed. Cl. Spec. Mstr. July 9, 2025) (finding that an award of interim fees is warranted "almost wholly in light of counsel's withdrawal" and that there were no "identifiable reasonable basis issues" at this point in the proceeding); *Husain v. Sec'y of Health & Human Servs.*, No. 22-1218V, 2025 WL 1409870, at *1 (Fed. Cl. Apr. 8, 2025) ("[T]he withdrawal or substitution of counsel is often deemed reasonable grounds in and of itself for an interim award").

Thus, I find that the circumstances of this case warrant an award of interim fees and costs.

## A.    Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for

---

[4] To be clear, this claim—like any other—may lose reasonable basis as it progresses if further evidence is unsupportive of petitioner's claim. *See R.K.,* 760 F. App'x at 1012 (citations omitted).

the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[5]

The attorneys at petitioner's former counsel's firm have been recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. *See Rossiter v. Sec'y of Health & Human Servs.*, No. 20-1888V, 2023 WL 3778899 at *2 (Fed. Cl. Spec. Mstr. June 2, 2023); *Simpson v. Sec'y of Health & Human Servs.*, No. 20-1124V, 2022 WL 16545527 at *1 (Fed. Cl. Spec. Mstr. Sept. 27, 2022). Petitioner requests fees in various rates of compensation for the attorneys and paralegals who worked on her case. The rates requested are as follows:

| Name | 2024 |
|------|------|
| **Mr. Downing** | $485 |
| **Ms. Allison** | $435 |
| **Paralegals** | $175 |

*See* Motion at 41, 43-54.

The requested rates have all been awarded by special masters in previous decisions. *See Husain*, No. 22-1218V, 2025 WL 1409870, at *1; *Lucas v. Sec'y of Health & Human Servs.*, No. 19-1525V, 2025 WL 1158901, at *1 (Fed. Cl. Spec. Mstr. Mar. 25, 2025). Thus, I award the rates as requested herein.

## B.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing

---

[5] The 2015-2025 Fee Schedules can be accessed at https://www.cofc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's motion, I find the hours billed to be reasonable. Counsel has provided detailed billing entries which appear to reasonably correspond with the work performed. The vast majority of hours billed were to obtain extensive medical records, which petitioner filed just a few days after filing the petition. *See* ECF Nos. 6, 8-11. No entries appear objectionable. Accordingly, the hours billed on this matter are reasonable.

**C.    Reasonable Costs**

Petitioner requests a total of $1,408.99 in costs. Motion at 54. The overwhelming majority of these costs are for medical records requests. The remaining costs are for postage and the filing fee. These costs are routinely awarded in vaccines cases and are supported by adequate documentation. *Id.* at 54-94. Thus, the costs are awarded in full.

**III.    Conclusion**

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED**. Accordingly, I award a total of **$22,092.99**, representing $20,684.00 in attorneys' fees and $1,408.99 in costs, **to be paid through an ACH deposit to petitioner's former counsel's IOLTA account for prompt disbursement.** The clerk shall enter judgment accordingly.[6]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

Special Master