# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1636V**
Filed: July 30, 2026

* * * * * * * * * * * * * *
MARTA PIKE, *
*
Petitioner, *
*
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * * *

*Courtney C. Jorgenson, Esq.*, Siri & Glimstad, LLP, Phoenix, AZ, for petitioner.
*Mary E. Holmes, Esq.,* U.S. Dept. of Justice, Washington, DC, for respondent.

**DECISION**[1]

**Roth,** Special Master:

On October 11, 2024, Ms. Marta Pike ("petitioner") filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that she developed peripheral neuropathy/small fiber neuropathy as a result of a flu vaccine she received on October 27, 2021. ECF No. 1.

After petitioner filed her medical records, she filed a motion for interim attorneys' fees and costs on January 3, 2025 on behalf of then-counsel. ECF No. 12. A few days later, different counsel substituted as the attorney of record for petitioner. ECF No. 13. Respondent filed his response to petitioner's motion for interim fees on January 16, 2025, objecting to an award of interim fees for

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.
[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

lack of reasonable basis. ECF No. 14. Petitioner filed a reply on January 21, 2025. ECF No. 15. This matter was then reassigned to the undersigned on February 14, 2025. ECF No. 17.

Through September 30, 2025, petitioner filed additional medical records and an amended statement of completion. ECF No. 30. A decision granting interim fees and costs was issued on that date, as well. ECF No. 29. In that decision, I determined that there was sufficient objective evidence to support the reasonable basis for the filing of the petition but cautioned that this case—like any other—may lose reasonable basis as it progresses if further evidence is unsupportive of petitioner's claim. *Id.* at 5 n. 4; *R.K. v. Sec'y of Health & Human Servs.,* 760 F. App'x 1010, 1012 (Fed. Cir. 2019).

Respondent filed his Rule 4(c) Report on January 29, 2026. ECF No. 38. Petitioner was ordered to file additional records that remained outstanding and to file any and all records supporting the alleged diagnosis. ECF No. 39. The same day, current counsel substituted in[3] as the attorney of record for petitioner. ECF Nos. 40, 44.

A status conference was held on April 13, 2026. As the Order issued thereafter details, petitioner's medical records do not include a diagnosis of small fiber neuropathy as alleged in the petition, and her records document that she has suffered from neuropathy, also alleged in the petition, since she was in her 30s. Petitioner was reminded that respondent already raised reasonable basis in this case when objecting to an award of interim fees and costs. Ms. Jorgenson asked for time to consult with an expert. Thus, petitioner was ordered to file an expert report within sixty days. ECF No. 46.

After two motions for extension of time, both granted, petitioner filed the instant Motion to Dismiss. She confirmed that she understood that the requested decision would result in judgment being entered against her, that this judgment would end all of her rights in the Program, and that she retained the right to file a civil action in the future regarding her claim. ECF No. 50.

Given petitioner's clear intent that judgment issue in this case, the undersigned construes this as a motion to voluntarily dismiss pursuant to Vaccine Rule 21(b) (regarding voluntary dismissal). Pursuant to Vaccine Rule 21(b), petitioner's Motion to Dismiss is **GRANTED**. The Clerk shall enter judgment accordingly.[4]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

[3] Around this time, the Vaccine Rules were amended to allow a second attorney to be listed as an attorney of record. While petitioner attempted to substitute Ms. Jorgenson *in place of* Ms. Haskins, the new rules made it so that both Ms. Jorgenson and Ms. Haskins were listed as attorneys of record until petitioner filed a motion to withdrawal Ms. Haskins as an attorney of record. ECF Nos. 40, 44.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.